UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_\_

MICHAEL JONES,

        Plaintiff,

v.

RICHARD A. HANDLON
CORRECTIONAL FACILITY et al.,

        Defendants.
_____/

Case No. 1:24-cv-250

Hon. Hala Y. Jarbou

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed *in forma pauperis*, and upon consideration, the Court will grant Plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim and as frivolous.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the "MTU Correctional Facility" and MTU Corrections Officer Unknown Party in his or her personal capacity. (ECF No. 1, PageID.2.)

Plaintiff alleges that "on or about December 7th, 2023," he received his property from the property room and "noticed that [his] packing slip did not have a tally for 1 Peep Show Goliath book." (*Id.*, PageID.3.) Plaintiff states that his previous packing slip from the Bellamy Creek Correctional Facility had included that book on the list. Plaintiff states that his book must have been misplaced or stolen by staff. (*Id.*)

Plaintiff seeks "the grand prize," which the Court construes as a request for monetary damages. (*Id.*, PageID.4.)

II. **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  MTU as Defendant

Plaintiff lists "MTU Correctional Facility" as a Defendant in the caption of his complaint. The Court notes that a prison is not a proper defendant. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). MTU is an administrative unit of the MDOC. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against Defendant MTU is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits

suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984), *superseded by statute on other grounds*, 28 U.S.C. § 1367. A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Est. of Ritter v. Univ. of Mich.*, 851 F.2d 846, 852 (6th Cir. 1988). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison*, 722 F.3d at 771; *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Accordingly, for these reasons, MTU is not subject to a § 1983 action.

**B.**     ***Parratt* Doctrine**

Moreover, Plaintiff's underlying due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MDOC Policy Directive 04.07.112, ¶ B (eff. Oct. 2, 2023); MDOC Policy Directive 04.02.110, ¶ E (eff. Nov. 1, 2017). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (eff. Mar. 27, 2017). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's complaint will be dismissed.

## III.    Duplicative Filing

In addition to the above-discussed reasons for dismissal of this action, Plaintiff's action is subject to dismissal as duplicative of prior cases filed by Plaintiff, which remain pending in this Court.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361

5

(6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

6

Here, Plaintiff's claim regarding the failure to include the "Peep Show Goliath book" on his packing slip at MTU, when it had been listed on his packing slip at Bellamy Creek Correctional Facility, is presented in two of Plaintiff's prior actions, both of which are pending in this Court: (i) *Jones v. MDOC et al.*, No. 1:24-cv-120 (W.D. Mich.),[1] and (ii) *Jones v. People of the State of Michigan et al.*, No. 1:24-cv-217 (W.D. Mich.).[2]

Considering the substantial similarities between the legal claims and factual allegations in the present action and in Plaintiff's prior actions, the Court concludes that the present complaint is duplicative of Plaintiff's prior complaints with regard to all of Plaintiff's present claims. Therefore, pursuant to the Court's inherent power and the screening provisions of the PLRA, Plaintiff's complaint is subject to dismissal on the grounds that it is wholly duplicative and, therefore, frivolous.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See*

---

[1] In action no. 1:24-cv-120, Plaintiff does not name either MTU or MTU Corrections Officer Unknown Party as a defendant; however, it appears that Plaintiff has identified this unknown officer as Unknown Horn. *See* Am. Compl., *Jones v. MDOC et al. Jones v. MDOC et al.*, No. 1:24-cv-120 (W.D. Mich. Mar. 11, 2024), (ECF No. 7). The claim presented in the instant action is otherwise identical to the property deprivation claim presented in action no. 1:24-cv-120.

[2] In action no. 1:24-cv-217, Plaintiff does not name either MTU or MTU Corrections Officer Unknown Party as a defendant; instead, he names the People of the State of Michigan and the MDOC as defendants. *See* Compl., *Jones v. People of the State of Mich. et al.*, No. 1:24-cv-217 (W.D. Mich. Feb. 28, 2024), (ECF No. 1). The claim presented in the instant action is otherwise identical to the property deprivation claim presented in action no. 1:24-cv-217.

*McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: March 21, 2024                              /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE